v. Rodgers, No. 134878, whenever the lawyers are ready. Good morning, Your Honors, and may it please the Court. My name is Elisa Salmon, and I'm here this morning for Torrick Rodgers, the appellant in this case. This case presents one simple, direct issue. Did Appellant Mr. Rodgers enter a knowing, voluntary, and intelligent guilty plea at his arraignment? We respectfully submit that he did not, for the following reason. Specifically, the record in this case shows that Mr. Rodgers believed that by entering a plea of guilty without a plea agreement in this case, that he could, that he had not waived any appellate right. That was what was stated on the record. And he could therefore appeal the District Court's previous denial of his motion to suppress evidence without any impediment. Can you talk just a tad louder? Yes, Your Honor. I can hear you, but it's fleeting. I apologize. I took a cold a couple days ago, so I do apologize. However, as we know from the Bundy case law, he could not. He had waived all pre-plea challenges to constitutional defects in his case by his unconditional plea of guilty. Therefore, under the case law of this circuit, and in the case law of the Eleventh and Ninth Circuits, Mr. Rodgers did not understand the consequences of his guilty plea, and it cannot be said to be knowing and voluntary. When one looks at the transcript of arraignment in this case, Your Honors, one finds generally a standard plea colloquy for an unconditional guilty plea. Where is that in the record? Well, the plea colloquy itself is you are pleading guilty to these four charges of the indictment without the benefit of a plea agreement, without the government having made any promises to you. Do you understand that? And the defendant did answer yes. So under the Bundy case law, there are three options. Either a defendant enters a valid unconditional plea, he enters a valid conditional plea, or no valid plea has been entered. Your point is he hasn't entered a valid conditional plea. Correct, Your Honor. Because he didn't do what the rule requires. Correct. He didn't do anything that the rule requires. Correct, Your Honor. Procedurally, it is undisputed between the plea on the record. Government did not acquiesce. It was not reduced to writing, and the court makes no mention of a conditional plea or the preservation of any rights. The central focus instead is, did Mr. Rogers believe that he was preserving his right to appeal the denial of his motion to suppress? But that, of course, can't be a winner, because every defendant would say, even though I've entered into this unconditional plea, in my mind, I was preserving my right to appeal. Yes, Your Honor. And I understand that altogether, but I would submit that this is very different in Mr. Rogers' case than the simple, in my mind, there was a defect in my Rule 11, and here's what it is after the fact, and with the assistance of appellate counsel. Because we have several things on the record in this case that show Mr. Rogers is extremely adamant about the denial of his motion to suppress, to preserve those issues, both at arraignment, prior to arraignment, and as Your Honors may have taken notice, he filed a 48-page pro se supplemental brief with extensive briefing on his denial of the motion to suppress. Let me point specifically to some things in the record that show that this was not just some later conjured unilateral belief by Mr. Rogers. First, we have the statement of the court at his plea, which is, there being no plea agreement in this case, Mr. Rogers, you have not waived any appeal rights. Now, I know as federal practitioners, we can look at one another and say, well, of course, but that's part of the standard plea colloquy with maybe some slight deviations here and there, but we all understand that to mean there may be some limitations as to the issues you can appeal. But what we hear on our trained ear is not the proper inquiry. The proper inquiry is, did he make a voluntary, knowing and intelligent plea? And how do we decide that without hearing from defense counsel? I'm sorry, Your Honor, could you ask me that question one more time? Why isn't this a 2255? Well, Your Honor, depending on the outcome of this case, I would anticipate that a 2255 would be pointed out. I don't know how we could possibly decide, in the context of this record, whether the defense counsel is really the only one who knows the answer to that question. And the defendant, of course. Well, had there been something set on the record by the defendant, which is rare, in almost any case in a Rule 11, that he will say something that renders his plea constitutionally, Rule 11, infirm, that doesn't then result in a withdrawal of plea or a later proceeding. Um, Your Honors, there are two things here. We take the statement, there being no plea agreement, you have not, you have not waived any appeal rights. All right. Because we know, in many appeal, in many plea agreements, you do waive certain appeal rights. Absolutely. I don't know if that's a good idea, but that's a fact. And Your Honor, in the Eastern District of North Carolina, where I practice as a trial defense attorney, that is the case in, I would say, nearly 100% of the plea agreements. And this district court judge had been the chief judge of that court, so he knows that rule. Absolutely. And so when the court says, there being no plea agreement, you have not waived any appeal rights, even for defense counsel, what you would hear was, well, you haven't signed that appellate waiver. You haven't signed that appellate waiver. And that's probably what she meant, but we don't know. We have a later statement at sentencing, which I think, if you, we do not get to graph the two together, but let's just imagine for a second that we could graph the two together. Why would we want to do that? Well, I think because it goes to what the defendant understood. I think we look at the entire... But what somebody said at sentencing, what, two months later, three months later, that doesn't tell us what the defendant was thinking at the time he entered his plea. It does not go directly to what he said. It doesn't even go indirectly. And that goes to my point, because he had a number of conversations with his lawyer between the time of the plea and the time of the sentencing. In fact, Your Honor, there were four attorneys in this case by the time of sentencing. Right. He actually got new lawyers. This is a very active litigant. That is a very correct characterization. He had the benefit of four different counsel. If I had... How many between the plea and the sentencing? Two. Two. There was one at arraignment and a different one at the sentence. So there was no change other than that change? There was a initial federal public defender. Who handled the suppression hearing? That was the first appointed CJA attorney. And then the second CJA did the rearrangement? Correct. And was asked to... And then the third CJA did the sentencing? Yes, Your Honor. Okay. Seems to me we need to hear from all three of them. It would be very nice if it were in the record. If this case is not remanded for this defendant to plead anew, I have but no doubt there will be at least one 2255 filed on pro se by this defendant. But that's extra... Suppose we were to say, and I have all kinds of wacky ideas. Suppose we were to review the suppression ruling? Yes, Your Honor. And decide that Judge Flanagan got it right? Yes, Your Honor. Leaving aside whether we could actually do that, whether we have the power to do that, which we probably don't. But would that be satisfactory? Apart from affirming it, would it be satisfactory that we conducted that review? Say, even in dicta? I mean, if that's all he wants? That's what he wants to appeal? Yeah. Well, Your Honor, there's an interesting conflict in the case law, as you pointed out, about whether or not there is jurisdiction if there is a failed conditional plea. But you know that if we came out the wrong way, according to him, that that wouldn't do. If there was an affirmance of the motion to suppress, there are other issues that my client has raised in his pro se briefing as well. I don't believe that would be the end of this. I certainly think there would be additional collateral proceedings. Actually, your client's pro se brief is not formally before us, right? Isn't there a pending motion as to whether we permit the filing of that? And I apologize for that, Your Honor. No, that's okay. It's okay. We typically don't permit the filing of pro se stuff when we've appointed counsel. Yes, Your Honor. The fundamentals of this, and your points are all very well taken, of course. The fundamental point of this, I absolutely wish that we could go into a time machine back to the arraignment. And the counsel would say, after the court said you have not waived any appeal rights, say, and Your Honors, just so we're clear, my client has strong motivation, which you're aware, as to the motion to suppress evidence, and understands that making this plea, he is waiving the right to appeal that. At which point, this client can either jump up and down and say, wait a minute, I don't want to plead guilty anymore, or can say, yes, I do understand that, and we don't find ourselves in this pickle. There's not a standard of review listed in your brief. Do you agree with the government that it's a plain error review? Yes, Your Honor. We do agree that it's a plain error review. Is there anything in the record that shows that he would not have pled guilty had he known he could not appeal his motion to suppress? There's no direct statement by the defendant. I would not have pled guilty if I did not know this. Not at the arraignment, not at the sentencing. And he didn't move to withdraw his guilty plea? He did not move to withdraw his guilty plea. I would submit it's because he did not understand until I went to meet with him at Buntner FCI that he had waived his right to challenge his motion to suppress by entering an unconditional plea of guilty. There are, however, things, again, that I would ask the court to look at in the context of this entire case that go to, did this guy really understand the consequences of that guilty plea at his Rule 11? Shortly after his arraignment, he files a pro se motion in the district court, which is part of the record in this case, entitled Motion for Appropriate Relief. What that is is something that's used in North Carolina state courts to collaterally attack a decision of the court. He has a bunch of state court proceedings, too. Yes, Your Honor. And so when she talks about later on the thing that you want us to consider that Davis has told you we're not going to, but I'll talk about it for a minute, and she talks about the sentencing, you know, I understand there might be appeals. She could be talking about the North Carolina appeals. Well, she says specifically that sentencing, the statement I think is most telling as far as Mr. Rogers' understanding or what it implies about Mr. Rogers' understanding is the court says at 255 of the joint appendix. And I can appreciate also, given the fact that you filed three civil actions now, as I recall, related to this search, that you have a strong determination as to what, as to that aspect, to that specific aspect. But I anticipate it will be on appeal. So she's even referring to the three civil actions. So the appeal that she's talking about there may be not the appeal of the suppression motion, but related to the civil actions. Well, Your Honor, what actually where this comes directly from is her explanation of the reason that she is varying downward under 3553A. And she says, so for that reason I'm reaching down, because when this goes to be reviewed on the Fourth Circuit, is at least the reading, and again, I did not have the benefit of being at the sentencing in this case. That's my reading of the judge's statement. Again, then his counsel at sentencing stands and says, and Your Honor, he does intend to preserve his challenge to this motion to suppress. And at no place is he corrected. It's at no place does someone say, listen, you have waived the right to challenge this motion to suppress. Therefore, you have not entered a valid conditional guilty plea. That's where we are today. And I do believe that the case law of this circuit leads us to that place. Now, the Bundy case, I concede, is factually very different than Mr. Rogers' case. What we have there is a defendant who everyone is trying to enter him into a valid conditional plea. And two of the issues that are being sought to be preserved are case dispositive. One of the issues that they tried to preserve is case non-dispositive. It's a discovery challenge. And in Bundy, this court is asked to decide, can a case non-dispositive issue be the proper subject of a conditional guilty plea? And they say no. But here's why Bundy matters to us. The court then says, OK, so we have this flawed conditional plea. What do we do? Well, looking to a case from the Ninth Circuit, United States versus Carrasco, a case which is actually quite factually similar to our own. The court says, here's the analysis. Either a valid conditional plea has been entered under Rule 11, or a valid unconditional plea has been entered, or no valid plea has been entered. And we are not going to simply graft his knowledge and voluntariness onto a failed conditional plea to say that it's an OK unconditional plea under the circumstances and proceed to decide something like his motion to suppress. Instead, we're going to just send it back, make sure he understands what's going on, let him plead anew. He can go to trial, or he can plead guilty again, fully understanding that he's waiving that right to challenge the motion to suppress. United States versus Carrasco, the Ninth Circuit case, which is favorably cited by this court in Bundy, is a different case. That's a case where both the court and the government knew that they were not entering this defendant into a conditional plea. They had offered a conditional plea, but that plea offer was withdrawn prior to the actual arraignment. So the defendant goes in, again, I don't know what defense counsel in Carrasco told the defendant, but the defendant goes in thinking that they're going to enter this conditional plea and appeal a denial of the motion to suppress. They don't. On the record, the Carrasco defendant enters an unconditional plea, and then on appeal says, wait, I intended, I thought that I was maintaining my right to appeal my motion to suppress. And the court says, under those circumstances, you did not enter a valid unconditional plea because you didn't fully understand the consequences, including and specifically in that Carrasco case that you were waiving the right to appeal that motion to suppress or the denial of that motion to suppress. This court, in two unpublished decisions, has applied Bundy on different facts than were present in Bundy. But I would submit that the analysis is the same. Ms. Salmon, your time has expired. You've got a little time left for rebuttal. Oh, OK, Your Honors. Well, I'll conclude this thought, and then I'll preserve the rest of my time for rebuttal. These are the LaCraft and Lesane cases. And in both of those, the Bundy analysis does hold the same, which is he's either entered a valid conditional plea, a valid unconditional plea, or no plea has been entered. Thank you, Your Honors. I'll preserve my remaining time. Mr. Rogers? Good morning. May it please the Court. My name is Joshua Rogers, and I represent the United States. As appellate counsel correctly stated, the only issue in this case is whether defendant knowingly and voluntarily pleaded guilty at the Rule 11 hearing. And unfortunately for the defendant, there is nothing whatsoever in the record to support the notion that he was misled during that hearing in any way. Because when we look at the full context of the Rule 11 hearing, what we see is a very does, in fact, want to plead guilty. And at that point, defendant forever closes the door on his right to appeal the motion to suppress. It's over. That's a matter of black-letter law, as Judge Mott correctly stated. The Court wasn't confused about this. This wasn't the Court's first rodeo. And the Court stated something that was very accurate in light of the situation, which was defendant had the right to appeal his conviction and sentence. And so the Court stated, there being no plea agreement, but a determination to plead guilty, you haven't waived any of your appellate rights. What the Court was saying is, you haven't waived any of the rights you have left after forever closing the door on the right to appeal the motion to suppress. The defendant is under this impression that the Court has the responsibility to play role of defense counsel and explain ad nauseum all the nooks and crannies of what it would for the defendant to plead guilty. However, this Court stated in white that district judges don't have an obligation to, quote, inform a defendant that by pleading guilty, he's waiving his right to appeal any antecedent rulings or constitutional violations, end quote. This is nothing more than an unremarkable Rule 11 hearing where there's nothing to indicate that the Court or either party was confused about what was going on and the ramifications of finding that in this hearing, defendant was somehow short shrifted by the system would be that district courts would have to get into the head of every defendant during ordinary Rule 11 hearings and take the responsibility of explaining defendant's rights ad nauseum. With all of that in mind, defendant simply cannot succeed on appeal with nothing but assumptions that, in retrospect, he claims that he made. Therefore, we would ask this Court to affirm the judgment of the district court in every respect, and if there are no questions, I'll take my seat. Thanks very much. You're welcome. Simon, do you have any rebuttal? I intend to cover my rebuttal in two minutes, Your Honors. Counsel is right. United States v. White does say that, exactly as he stated it, that Court is under no duty to inform him of the fact that he is waiving these constitutional violations or challenges there, too. However, the important distinction is, if the Court does speak, we submit it has to be correct. And in this case, it's not a correct statement. He has waived appellate rights by pleading straight in, as we say, or pleading without a plea agreement. He has waived the right to challenge his pre-arraignment constitutional defect. I could not find it. I looked and looked and could not find a case where those two things went together, where we had the conditional v. unconditional plea v. the White analysis. I think this case does put that issue squarely before, and that's perhaps the most interesting aspect of this case. In this situation where someone does not have a plea agreement, but there has been a challenge to a denial of a motion to suppress, is it a great burden to ask the district court to you are waiving any challenges to your pre-arraignment motion? For example, in North Carolina state courts, as part of the standard plea colloquy, the judges in every case in a felony say, and there may be some limitation on the issues that you wish to appeal. That simple sentence alone advises that person or makes them ask their counsel, what are the issues that I might be waiving by entering this guilty plea without the benefit of a plea agreement? Your Honor, we suggest it would not be too onerous to graft a similar requirement on the facts of this case and just send it back to plea to new. Thank you, Your Honors. Thank you very much.
judges: Diana Gribbon Motz, Stephanie D. Thacker, Andre M. Davis